# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2013

No. 12-50539
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACOB ULISES GOMEZ-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-45-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

For the first time on appeal, Jacob Ulises Gomez-Diaz asserts that his 41-month within-guidelines sentence for illegal reentry after removal is substantively unreasonable. He argues that his sentence was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) because the illegal reentry guideline lacks an empirical basis and double counts his criminal history, his prior conviction was less serious than other kinds of offenses that result in the same guidelines enhancement, his prior conviction occurred when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was 19 years old, his motive for returning to the United States was benign, and the sentencing goals of deterrence and protection of the public could be accomplished with a lesser sentence.

Although we ordinarily review sentences for reasonableness under an abuse-of-discretion standard, we review here for plain error because Gomez-Diaz did not object to the reasonableness of his sentence in the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Gomez-Diaz asserts that a presumption of reasonableness should not apply to his within-guidelines sentence because the illegal reentry guideline is not supported by empirical data, but he recognizes that this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

The district court had before it both mitigating and aggravating factors. It balanced these factors and determined that a sentence at the bottom of the guidelines range was appropriate. The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). We conclude there is no reason to disturb the presumption of reasonableness in this case. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.